**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC AND FERODO AMERICA, LLC, <br><br> Plaintiffs, <br><br> V. <br><br> CITY OF NEW CASTLE, INDIANA <br><br> and <br><br> NEW CASTLE REDEVELOPMENT COMMISSION, <br><br> Defendants. | Case No. 1:25-cv-02599-RLY-KMB |

---

## CASE MANAGEMENT PLAN

---

### I. Parties and Representatives

    *Plaintiffs*

A.    (1)    Bridgestone Americas Tire Operations, LLC
          (2)    Ferodo America, LLC

B.    (1)    Jeffrey D. Stemerick, Taft Stettinius & Hollister LLP (Indianapolis), One Indiana, Square, Suite 3500, Indianapolis, IN 46204, T: 317-713-3414, F: 317-713-3699,  Email: jstemerick@taftlaw.com, Attorney for Plaintiff Bridgestone Americas Tire Operations, LLC

          (2)    H. Max Kelln, Faegre Drinker Biddle & Reath LLC (Indianapolis), 300 North Meridian Street, Suite 2500, Indianapolis, IN 46204, T: 317-237-1215, F: 317-237-1000, Email: h.max.kelln@faegredrinker.com; Suzanne Ilene Schiller, Manko, Gold, Katcher & Fox, LLP, Three Bala Plaza East,

Suite 700, Bala Cynwyd, PA 19004, T: 484-430-2354, F: 484-430-5711, Email: sschiller@mankogold.com; Sean Francis Fahy, Manko, Gold, Katcher & Fox, LLP, Three Bala Plaza East, Suite 700, Bala Cynwyd, PA 19004, T: 484-430-2330, F: 484-430-5711, Email: sfahy@mankogold.com, Attorneys for Plaintiff Ferodo America, LLC.

*Defendants*

A.    City of New Castle, Indiana; New Castle Redevelopment Commission.

B.    Amy Suzanne Berg, Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN 46282-0200; T: 317-236-2247; F: 317-236-2219, Email: amy.berg@icemiller.com; Angela Pease Krahulik, Ice Miller LLP (Indianapolis), One American Square, Suite 2900, Indianapolis, IN, 46282, T: 317-236-5991, F: 317-592-5437, Email: angela.krahulik@icemiller.com; Lauren Dunbar Baldwin, Ice Miller LLP (Indianapolis), One American Square, Suite 2900, Indianapolis, IN 46282, T: 317-236-2324, F: 317-592-4204, Email: lauren.baldwin@icemiller.com, Attorneys for Defendants City of New Castle, Indiana and New Castle Redevelopment Commission.

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    **Jurisdiction and Statement of Claims**

*Plaintiffs*

A.    Plaintiffs assert that this Court has jurisdiction pursuant to 42 U.S.C. §§ 9613(b) and 9613(f) and 28 U.S.C. § 1331.

*Defendants*

B.    Defendants assert that this Court has jurisdiction pursuant to 42 U.S.C. §§ 9607 and 9613(b) and 28 U.S.C. § 1331.

C.    Plaintiffs claim that Defendants are liable to Plaintiffs under 42 U.S.C §§ 9607(a) and 9613(f) for an equitable share of response costs incurred by Defendants regarding 1112 South 25th Street, New Castle, Indiana (the "Site"), which has been and is currently owned by Defendant City of New Castle.  Such response costs include amounts Plaintiffs paid to EPA to resolve a cost recovery action brought by EPA for sums EPA expended in performing a time-critical removal action at the Site.

4118353_2

As described further in paragraph (D) below, Defendants have counterclaimed for recovery of costs Defendants claim to have incurred responding to asbestos and other hazardous substances allegedly remaining at the Site. . In response, Plaintiffs have asserted various defenses to their alleged liability and further contend that Defendants are seeking the same damages from Plaintiffs in an ongoing state court action titled: *City of New Castle v. Bridgestone Americas Tire Operations, LLC et al.*, Cause No. 33C02-2208-PL-000044.

Plaintiff Ferodo, for itself only, asserts that Defendants' counterclaims are barred by a discharge in bankruptcy of Ferodo's liabilities.

D.    Defendants argue that Plaintiffs fail to state a claim upon which relief can be granted because: (1) Defendants are not responsible for the alleged contamination or damage at the Site to hold Defendants liable under 42 U.S.C § 9613(f); and (2) Defendants are exempt from liability for acquisitions and emergency response actions taken by municipalities pursuant to 42 U.S.C §§ 9601(20)(D) and 9607(d)(2). Defendants also contend that the harm is divisible, capable of apportionment, and there is a reasonable basis to determine Defendants did not contribute to the harm and should not bear responsibility for the cleanup costs.

Defendants counterclaim that Plaintiffs are joint and severally liable for all necessary response costs relating to asbestos and other hazardous substances at the Site under 42 U.S.C §§ 9607(a)(2) and (a)(4)(B). Defendants also counterclaim that Plaintiffs are liable for any future response costs relating to asbestos and other hazardous substances at the Site under 42 U.S.C. §§ 9607(a) and 9613(g)(2) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

## III.    Pretrial Pleadings and Disclosures

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before June 17, 2026.

B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before June 24, 2026.

C.    Defendant(s) shall file preliminary witness and exhibit lists on or before June 24, 2026.

D.      All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before June 24, 2026.

> Sec. III. E. The Parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to JudgeBarrChambers @insd.uscourts.gov. There is no need to follow the email with a hard copy.

E.      Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before August 7, 2026.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.      Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before February 17, 2027.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before March 19, 2027; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before March 17, 2027.

G.      Notwithstanding the provisions of paragraph (F) above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before 120 days prior to the proposed trial month.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before April 16, 2027.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such

4118353_2

general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    The parties believe that a substantial volume of ESI will not be produced in the case. Anticipated discovery in this case will largely be documents created by EPA and environmental reports. ESI that is produced need not include metadata.

Sec. III. K. Unless otherwise agreed by the Parties or ordered by the Court, all electronically stored information will be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   Discovery[1] and Dispositive Motions

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  Yes. Plaintiffs believe a summary judgment establishing New Castle's liability as current owner and owner at the time of a release under CERCLA will be appropriate.  Defendants

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their written discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve written discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated written discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

4118353_2

also believe a summary judgment on apportionment and establishing Bridgestone Americas Tire Operations, LLC and Ferodo America, LLC's liability as prior owners and operators at the time of a release under CERCLA will be appropriate.

B.      On or before **December 24, 2026** ~~April 27, 2027~~, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

> If both Plaintiff and Defendant intend to file dispositive motions, as that deadline approaches, they **must** file a proposed briefing schedule for cross-motions for summary judgment **at least 45 days before** the dispositive motions deadline.

C.      Select the track that best suits this case:

Track 2: Dispositive motions are expected and shall be filed by February 17, 2027; non-expert witness discovery and discovery relating to liability issues shall be completed by December 17, 2026; expert witness discovery and discovery relating to damages shall be completed by May 17, 2027.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.      Pre-Trial/Settlement Conferences**

> The Magistrate Judge discussed the Parties' preferred timing at the Initial Pretrial Conference, as further stated in the Minute Entry from that conference.

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in July 2026.**

**VI.      Trial Date**

> The District Judge will set a trial date on a timeline deemed appropriate by the District Judge.

The parties request a trial date in August 2027.  The trial is by Court and is anticipated to take five days.

**VII.      Referral to Magistrate Judge**

A.      **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

## VIII.   Required Pre-Trial Preparation

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir

dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

8

*/s/Jeffrey D. Stemerick*
Jeffrey D. Stemerick (#29499-53)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
jstemerick@taftlaw.com

*Attorney for Plaintiff Bridgestone Americas Tire Operations, LLC*

*/s/ H. Max Kelln*
H. Max Kelln (#30358-49)
Amy L. Waite (35733-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
h.max.kelln@faegredrinker.com
amy.waite@faegredrinker.com

*/s/ Suzanne Ilene Schiller*
Suzanne Ilene Schiller (PA ID #68206)
Sean Francis Fahy (PA ID #330692)
MANKO, GOLD, KATCHER & FOX LLP
Three Bala Plaza East, Suite 700
Bala Cynwyd, PA 19004
sschiller@mankogold.com
sfahy@mankogold.com

*Attorneys for Plaintiff Ferodo America, LLC*

*/s/ Lauren D. Baldwin*
Angela Krahulik (#23036-49)
Amy S. Berg (#32513-32)
Lauren D. Baldwin (#34613-49)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
angela.krahulik@icemiller.com
amy.berg@icemiller.com
lauren.baldwin@icemiller.com

*Attorneys for Defendants City of New Castle, Indiana and New Castle Redevelopment Commission*

4118353_2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **X** | PARTIES APPEARED IN PERSON/BY COUNSEL ON **May 26, 2026** FOR A PRETRIAL / STATUS CONFERENCE . |
| | APPROVED AS SUBMITTED. |
| **X** | APPROVED AS AMENDED. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. BEFORE MAGISTRATE JUDGE _____ . THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____; OR _____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR _____ BY VIDEO, LINK TO BE PROVIDED BY SEPRATE ORDER |
| **X** | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **December 17, 2026** |
| **X** | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN  **February 17, 2027** |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 5/26/2026

_Kellie M. Barr_

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana